1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   WYNTER L. DEAGLE, Cal Bar No. 296501
2  wdeagle@sheppardmullin.com
   12275 El Camino Real, Suite 100
3  San Diego, California 92130-4092
   Telephone:    858.720.8900
4  Facsimile:    858.509.3691

5  SAMUEL Z. HYAMS-MILLARD, Cal Bar No. 317941
   shyams-millard@sheppardmullin.com
6  Four Embarcadero Center, 17th Floor
   San Francisco, California 94111-4109
7  Telephone:    415.434.9100
   Facsimile:    415.434.3947

8
   Attorneys for Defendant
9  Delta Dental of California

10                    UNITED STATES DISTRICT COURT

11            NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

12

13 | ERIN WEILER, individually and on behalf of all others similarly situated, | Case No. 3:25-cv-02846
14 |  | *Removed from San Francisco Superior Court, Case No. CGC-25-622474*
15 | Plaintiffs, |
16 | v. | **DEFENDANT DELTA DENTAL OF CALIFORNIA'S NOTICE OF REMOVAL OF CIVIL ACTION**
17 | DELTA DENTAL OF CALIFORNIA, a California mutual benefit nonprofit corporation; DOES 1-100, inclusive, |
18 |  | *Filed concurrently with Declaration of Wynter L. Deagle*
19 | Defendants. | Trial Date:   Not Set

20       **TO THE CLERK OF THE ABOVE-ENTITLED COURT, AND ALL PARTIES**

21 **AND THEIR ATTORNEY OF RECORD**:

22       **PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, Defendant

23 Delta Dental of California ("Defendant" or "DDC") hereby removes this matter of *Erin Weiler v.*

24 *Delta Dental of California, et al.*, pending in the Superior Court of the State of California, County

25 of San Francisco, Case No. CGC-25-622474 to the United States District Court for the Northern

26 District of California on the grounds of federal question jurisdiction pursuant to 28 U.S.C. § 1331

27 and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

28

## I. BACKGROUND

1. On February 18, 2025, Erin Weiler ("Plaintiff") commenced this action by filing a Complaint against DDC in the Superior Court of the State of California, County of San Francisco, styled *Erin Weiler v. Delta Dental of California, et al.*, Case No. CGC-25-622474 (the "Complaint"). *See* Declaration of Wynter L. Deagle in Support of Defendant's Notice of Removal ("Deagle Decl."), ¶ 4, Exh. A.

2. DDC received a copy of the Complaint on February 26, 2025 by substituted service and via U.S. Mail addressed to its Chief Legal Officer, Michael Hankinson, at DDC's offices in San Francisco at 560 Mission Street, San Francisco, California 94105. *Id.* ¶ 5, Exh. B.

3. Plaintiff's Complaint was styled as a putative class action and brought on behalf of herself and a putative class defined as "[a]ll individuals residing in the United States whose Private Information was disclosed to a third party without authorization or consent through the Tracking Technologies on Defendant's Website." Exh. A at ¶ 148.

4. In sum, Plaintiff alleges that data related to website visitors' visits to DDC's website are intercepted and transmitted to third parties without the visitors' consent. *Id.* ¶¶ 1-19. The Complaint brings causes of action for (1) Negligence, (2) Breach of Fiduciary Duty, (3) Breach of Confidence, (4) Unjust Enrichment, (5) violation of the California Invasion of Privacy Act, Cal. Penal Code § 631(a), (6) violation of California Unfair Competition Law, Cal Bus, & Prof. Code § 17200, *et seq.*, and (7) violation of the Electronic Communications Privacy Act, 18 U.S.C. § 2511(1), *et seq. Id.* ¶ 21.

5. In her Prayer for Relief, Plaintiff seeks an order certifying the action as a class action; injunctive relief; restitution and disgorgement of revenues "wrongfully retained as a result of Defendant's wrongful conduct[;]" nominal, actual, compensatory, and statutory damages and statutory penalties; punitive damages; attorneys' fees and costs, pre- and post-judgment interest; and "[s]uch other and further relief as this Honorable Court deems just and proper." *Id.* at Prayer for Relief.

///

///

## II. FEDERAL JURISDICTION IS PROPER

6. Because one of Plaintiff's causes of action arises under federal law, removal is proper. A state court action may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1331 as an action "arising under the Constitution, laws, or treaties of the United States"—specifically, the Electronic Communications Privacy Act, 18 U.S.C. § 2511(1) *et seq.* Exh. A at ¶¶ 217-35. This Court has supplemental jurisdiction over Plaintiff's state law claims because they are so related to Plaintiff's federal law claim that they form part of the same case or controversy. *See* 28 U.S.C. § 1367(a). All of Plaintiff's claims arise from the same set of facts—the use of certain web technologies on Defendant's website—and therefore derive from "a common nucleus of operative fact." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966).

## III. VENUE

7. Under 28 U.S.C. § 1441(a), venue is proper in the United States District Court for the Northern District of California because the Superior Court of San Francisco County, where this action is pending, is located within the Northern District of California.

## IV. NOTICE TO SUPERIOR COURT AND PLAINTIFF

8. In accordance with 28 U.S.C. § 1446(d), Notice of Removal will be promptly served on Plaintiff and filed with the Clerk of the Superior Court of the State of California for the County of San Francisco.

9. In compliance with 28 U.S.C. § 1446(a), true and correct copies of all "process, pleadings, and orders" filed in the state court action are attached hereto at Exhibit C. Deagle Decl. ¶ 6, Exh. C.

## V. REMOVAL IS TIMELY

10. Under 28 U.S.C. § 1446(b), "a case may be removed–during the first thirty days after the defendant receives the initial pleading." *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 692 (9th Cir. 2005).

11. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b) because it is being filed well within thirty days of February 26, 2025, the date on which DDC received the Complaint through substituted service and via U.S. Mail. Deagle Decl. ¶ 5, Exh. B.

12. This Notice of Removal is also filed within one year of the commencement of this action and is thus also timely pursuant to 28 U.S.C. § 1446(c)(1).

## VI. JOINDER

13. The only defendants named in the Complaint are DDC and the fictitiously named Does 1-100. DDC is not aware of any other defendant that exists, who has been named in the Complaint, or who has been served with a summons and/or Complaint. Thus, the existence of defendants Does 1 through 100 does not deprive this Court of jurisdiction. *See Salveson v. Western States Bankcard Assoc.*, 731 F.2d 1423, 1429 (9th Cir. 1984) ("Our circuit rule is that a party not served need not be joined; the defendants summonsed can remove by themselves.") (superseded by statute on unrelated grounds).

## VII. CONCLUSION

14. For the forgoing reasons, and having provided notice as is required by law, the above-entitled action is removed from the Superior Court for the County of San Francisco to the United States District Court for the Northern District of California

Dated: March 26, 2025

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By      */s/ Wynter L. Deagle*
        WYNTER L. DEAGLE
        SAMUEL Z. HYAMS-MILLARD

        Attorneys for Defendant
        Delta Dental of California