UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIN WEILER,<br><br>    Plaintiff,<br><br>v.<br><br>DELTA DENTAL OF CALIFORNIA,<br><br>    Defendant. | Case No. 25-cv-02846-HSG<br><br>**ORDER REMANDING CASE AND DENYING AS MOOT MOTION TO DISMISS**<br><br>Re: Dkt. No. 13 |

Pending before the Court is Defendant Delta Dental of California's motion to dismiss. Dkt. No. 13. The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b). For the reasons discussed below, the Court REMANDS the action to the Superior Court of California for the County of San Francisco and DENIES AS MOOT the motion to dismiss.

**I.   BACKGROUND**

Plaintiff Erin Weiler brings this proposed class action against Delta Dental of California ("Delta Dental") for claims arising out of its use of hidden tracking technologies on its website to collect and disclose to third parties non-public information about the website's users without the users' knowledge or consent. *See* Dkt. No. 1-1 ("Compl.") ¶¶ 1–10.

Delta Dental offers dental health insurance to California residents. *Id.* ¶ 28. Plaintiff has dental insurance through Delta Dental. *Id.* ¶ 145. Plaintiff alleges that, in June 2024, she logged into Delta Dental's website and, after she was authenticated as a Delta Dental plan member, she used the website to search for dentists located near her by inputting her location and plan type. *Id.* ¶ 126. Plaintiff expected her communications via the website to be confidential and never

authorized the sharing of her personal information with third parties. *Id.* ¶¶ 137–40. Delta Dental allegedly used hidden tracking technologies to collect Plaintiff's IP address, her status as a Delta Dental plan member, and the search criteria she entered into the website. *Id.* ¶¶ 139–44. Delta Dental then made that information available to third parties without her knowledge or consent. *Id.* Plaintiff alleges to have suffered injuries as a result of Delta Dental's conduct in the form of invasion of privacy, violations of the confidentiality of her private information, and the loss of value of her private information. *Id.* ¶ 145.

Plaintiff brings the following claims against Delta Dental on her own behalf and on behalf of a proposed class of similarly situated people: (1) negligence; (2) breach of fiduciary duty; (3) breach of confidence; (4) unjust enrichment; (5) violations of the California Invasion of Privacy Act, Cal. Penal Code § 631(a); (6) violations of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.*; and (7) violations of the Electronic Communications Privacy Act, 18 U.S.C. § 2511(1), *et seq.*

Plaintiff filed this action in the San Francisco Superior Court on February 18, 2025. Dkt. No. 1-1. On March 26, 2025, Delta Dental removed the action to federal court, arguing that "Federal Jurisdiction is Proper" because "one of Plaintiff's causes of action arises under federal law," namely her claim under the Electronic Communications Privacy Act. *See* Dkt. No. 1 at 3.

About a week after it removed the case, Delta Dental moved to dismiss all claims under Rule 12(b)(1) for lack of Article III standing and, in the alternative, under Rule 12(b)(6) for failure to state a claim. Dkt No. 13.

In its response to Delta Dental's motion, plaintiff argues that Delta Dental's choice to move to dismiss for lack of Article III standing about a week after it removed the case is a "dubious" tactic that has been criticized by federal courts across the country as a waste of time and judicial resources. *See* Dkt. No. 18 at 4 (collecting authorities). Plaintiff contends that she has alleged injuries-in-fact sufficient to confer standing under Article III and that Delta Dental could, therefore, satisfy its burden to establish that federal jurisdiction is proper. Plaintiff further argues that, if Delta Dental refuses to satisfy that burden, then the only appropriate course of action is to remand the case to state court pursuant to 28 U.S.C. § 1447(c). *See id.* at 5.

**II. LEGAL STANDARD**

A suit may be removed from state court to federal court only if the federal court would have had subject matter jurisdiction over the case. *See* 28 U.S.C. § 1441(a); *see also Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant."). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

Article III standing is a core component of a court's jurisdiction, without which a case cannot remain in federal court. *See Cetacean Cmty. v. Bush*, 386 F.3d 1169, 1174 (9th Cir. 2004) ("A suit brought by a plaintiff without Article III standing is not a 'case or controversy,' and an Article III federal court therefore lacks subject matter jurisdiction over the suit."); *see also TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2203–07 (2021) (discussing Article III standing). Notably, "[t]he party invoking federal jurisdiction bears the burden of establishing" Article III's injury, redressability, and causation requirements. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992); *see also Jones v. Ford Motor Co.*, 85 F.4th 570, 573 (9th Cir. 2023) ("Upon removal, the burden to demonstrate Article III jurisdiction shifts to the Defendant as [t]he party invoking federal jurisdiction.") (internal quotations omitted). If a "district court is confronted with an Article III standing problem in a removed case—whether the claims at issue are state or federal— the proper course is to remand for adjudication in state court." *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 970 n.6 (9th Cir. 2018) (citing 28 U.S.C. § 1447(c)).

**III. DISCUSSION**

    **A.  Article III Standing**

As the party that removed the case and is invoking federal jurisdiction, Delta Dental bears the burden of showing that Plaintiff has alleged an injury-in-fact sufficient to confer Article III standing. *See Jones*, 85 F.4th at 573. It has not satisfied that burden. To the contrary: in its motion to dismiss and reply, Delta Dental argues that Article III standing is lacking. *See* Dkt. No.

3

1   13 at 1 (arguing that the complaint is "devoid of any plausible allegations of injuries-in-fact

2   sufficient . . . to confer standing under Article III"); Dkt. No. 19 at 3 (same).

3         Where, as here, the removing party fails or declines to satisfy its burden to establish Article

4   III standing, subject matter jurisdiction is in doubt and remand is appropriate, whether or not the

5   plaintiff filed a motion for remand. *See Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193, 1196 (9th

6   Cir. 2016) ("[I]f at any time before final judgment it appears that the district court lacks subject

7   matter jurisdiction, the case shall be remanded. . . . No motion [for remand], timely or otherwise,

8   is necessary.") (internal citation omitted); *Yeh v. Twitter, Inc.*, No. 23-CV-01790-HSG, 2023 WL

9   8429799, at *4 (N.D. Cal. Dec. 4, 2023) (remanding case to state court because subject matter

10  jurisdiction was "in doubt" given that the removing party failed to "affirmatively state that

11  Plaintiff has standing under Article III – let alone articulate how") (internal quotation marks

12  omitted); *Penning v. MedicineNet, Inc.*, No. 25-CV-05992-JST, 2025 WL 2814586, at *3 (N.D.

13  Cal. Oct. 3, 2025) (holding that the defendant failed to satisfy its burden to establish subject matter

14  jurisdiction upon removal because it "attempt[ed] to invoke federal jurisdiction for purposes of

15  removal and then argue[d] for dismissal based on the lack of standing") (citation and internal

16  quotation marks omitted).

17        Delta Dental contends that the Court should dismiss the action for lack of standing instead

18  of remanding it to state court because remand would be futile. *See* Dkt. No. 19 at 3. Delta Dental

19  posits that, if this case were remanded, "a demurrer on Plaintiff's Complaint would almost

20  certainly be sustained" because Plaintiff has not shown that her alleged injuries are sufficient to

21  confer standing under California law. *See id.*

22        The Court rejects this gambit. The rule that a district court may dismiss a case if remand

23  would be futile "has been questioned, and may no longer be good law." *See Polo*, 833 F.3d at

24  1197 (noting that the Supreme Court has declined to apply a futility exception to the remand rule

25  because the language of 28 U.S.C. § 1447(c) gives no discretion to dismiss rather than remand an

26  action). But even if that rule remains good law, there is no basis to conclude that remand

27  necessarily would be futile here. Dismissal under that rule is appropriate only where the district

28  court has "absolute certainty" that a state court would "simply dismiss[] the action on remand,"

United States District Court
Northern District of California

1    meaning that it should dismiss "only when the eventual outcome of a case after remand is so clear
2    as to be foreordained[.]" *See id.* (citation and internal quotation marks omitted).  Here, Article III
3    standing is contested, but that does not mean that it is certain that a state court would dismiss the
4    case for lack of standing under California law on remand.  "[A] failure of federal subject-matter
5    jurisdiction means only that the federal courts have no power to adjudicate the matter." *Polo*, 833
6    F.3d at 1196.  Here, whether Plaintiff's allegations are sufficient to confer standing under
7    California law is disputed, as Plaintiff argues that she has alleged injuries-in-fact sufficient to
8    confer standing under California law.  *See* Dkt. No. 18 at 6.  Given Delta Dental's failure to
9    establish federal subject matter jurisdiction, that dispute must be resolved by the state court.
10   Accordingly, the Court cannot find that it is "absolutely certain" that the state court would dismiss
11   Plaintiff's claims for lack of standing under California law.  Delta Dental's argument that a
12   demurrer for lack of standing under California law would "*almost certainly* be sustained" on
13   remand, Dkt. No. 19 at 3 (emphasis added), is in itself an implicit concession that dismissal on
14   remand is not an "absolute certainty."

15         The binding authorities that Delta Dental cites for the proposition that dismissal rather than
16   remand is the appropriate outcome are distinguishable.  In those cases, unlike here, it was certain
17   that the state court would dismiss the claims on remand.  For example, in *Sauk-Suiattle Indian*
18   *Tribe v. City of Seattle*, the Ninth Circuit concluded that remand would be futile because a "state
19   court would lack jurisdiction" if the action were remanded, as the federal statute under which the
20   action arose vested exclusive jurisdiction in the federal courts of appeals.  *See* 56 F.4th 1179, 1190
21   (9th Cir. 2022).  No similar circumstance is present here.  In *Bell v. City of Kellogg*, the Ninth
22   Circuit held that remand would be futile because it was certain that the state court would dismiss
23   the claims as barred as a matter of law based on the plaintiff's implicit admission that he failed to
24   comply with statutory requirements for asserting the claims.  *See* 922 F.2d 1418, 1424–25 (9th
25   Cir. 1991).  Plaintiff has not made an analogous admission here.[1]  Accordingly, the Court will
26   remand rather than dismiss.

---

[1] Other authorities that Delta Dental cites are not binding, and are also distinguishable.  For example, in *Aguilar v. Laboratory Corporation of America*, the court found that remand of a

5

**B.     Attorneys' Fees**

When remanding a case to state court, a court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." *See* 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005).

Plaintiff requests that the Court retain jurisdiction to hear a motion for attorneys' fees under 28 U.S.C. § 1447(c) if the action is remanded to state court. Dkt. No. 18 at 6–7. Plaintiff argues that a fees award under § 1447(c) would be appropriate because the removal of the action was not "objectively reasonable," as Delta Dental contested federal jurisdiction immediately after removing the case. *See id.* Plaintiff represents that her counsel spent approximately fifty-nine hours responding to Delta Dental's motion to dismiss, but she has not filed billing records.

In its reply, Delta Dental does not respond to Plaintiff's arguments regarding fees. *See generally* Dkt. No. 19.

While the Court agrees that removing based on federal jurisdiction then turning around and challenging federal standing is a dubious tactic, and recognizing that it is a close call, the Court declines to exercise its discretion under § 1447(c) to entertain a post-remand motion for attorneys' fees. To the extent Plaintiff's argument is that she had to spend resources responding to Delta Dental's motion to dismiss, that time was not entirely wasted since the parties are likely to continue to dispute and litigate most of the issues raised in that motion in state court. That said, the Court shares the view that Defendant's tactic here is questionable at best and flatly

---

federal claim would be futile because it was certain that a state court would dismiss it on remand for lack of standing under California law, as the plaintiff admitted that she suffered no concrete injury in connection with that claim. *See* No. CV229050DSFAFMX, 2023 WL 2347444, at *1 (C.D. Cal. Feb. 3, 2023). Plaintiff has not made a similar admission here. In *Washington Election Integrity Coalition United v. Kimsey*, the court found that remand would be futile because dismissal upon remand was "effectively foreordained," as the action was "nearly identical" to several actions filed by the same plaintiff that had been dismissed by state courts for lack of standing and other reasons. *See* No. 3:21-CV-05746-LK, 2022 WL 4598507, at *8 (W.D. Wash. Sept. 30, 2022) (internal quotation marks omitted). Here, Delta Dental does not argue that this action is nearly identical to, and shares common defects with, other actions filed by Plaintiff that have been dismissed in state court.

6

disingenuous at worst, and Defendant and its counsel are on notice that the Court may well reach a different conclusion as to fees if this issue recurs.

### IV. CONCLUSION

The Court REMANDS the case to the Superior Court of California for the County of San Francisco. Delta Dental's motion to dismiss, Dkt. No. 13, is DENIED AS MOOT.

The Clerk is directed to remand the case and close the file.

**IT IS SO ORDERED.**

Dated: January 12, 2026

*Haywood S. Gilliam, Jr.*
HAYWOOD S. GILLIAM, JR.
United States District Judge